**John M. COADY, Plaintiff-Appellant,**

v.

**AGUADILLA TERMINAL INC., and the Home Insurance Company, Defendants-Appellees.**

**No. 71–1347.**

United States Court of Appeals, First Circuit.

Submitted Feb. 1, 1972.

Decided March 14, 1972.

Antonio M. Bird, San Juan, P. R., and Rivera Antonio M. Bird, Jr., Hato Rey, P. R., on brief for appellant.

David Rive-Rivera, Santurce, P. R., and Rieckehoff, Calderon, Vargas & Arroyo, San Juan, P. R., on brief for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is a diversity action for personal injury brought in the District Court of Puerto Rico by a foreign plaintiff. Shortly after the filing of the action defendants moved for security for costs, expenses, and attorney's fees, and, by stipulation, it was ordered that plaintiff should post a $250 bond in 90 days. Nothing occurred for over a year, when defendants moved to dismiss for failure to post the bond. Plaintiff promptly tendered the bond, together with an affidavit that the file had been misplaced and the failure to post the bond had been an oversight. The district court dismissed the action, without prejudice (except that the statute of limitations may have run), stating that dismissal was mandatory under Puerto Rico Civil Procedure Rule 69.5. Plaintiff appeals.

■■ It is true that the portion of Rule 69.5 requiring dismissal for failure to post bond within the specified time is mandatory on its face. The court erred, however, in two respects. If it was going to apply the local Puerto Rico rules, it should have looked to all that were relevant. P.R. Rule 68.2 relaxed the mandatory requirement in case of "excusable neglect." But more fundamentally, even if there had been no local Rule 68.2, a local rule cannot be applied if it is contrary to a federal statute or rule. Hanna v. Plumer, 1965, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8; Johnson Chem. Co. v. Condado Center, Inc., 1 Cir., 1972, 453 F.2d 1044. F.R.Civ.P. 6(b) (as it happens, like Rule 68.2) would excuse late posting of the bond in case of excusable neglect.

■ What is excusable neglect should depend in part upon the importance of the matter involved and the prejudice, if any, to the other party. We would not find the present neglect excusable were we concerned with F.R. Civ.P. 60(b), but delay in filing a cost bond, where no other action had taken

place, is so insignificant and so unprejudicial in any sense, that we think in justice it should be excused. The order and judgment is vacated, and the court is instructed to receive the late filing.

 We take this occasion to mention a matter that should, perhaps, have been mentioned in our opinion in Johnson Chem. Co., ante, where we indicated that Puerto Rico Rule 79.5 is prima facie applicable in diversity actions in the federal courts insofar as it requires posting security for expenses and attorney's fees. Even though Cohen v. Beneficial Indus. Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 involved a state statute, a local rule enacted with legislative sanction should receive equal respect, so far as it is substantive and not against federal policy. *Cf.* Petsel v. Chicago, B. & Q. R. Co., 8 Cir., 1953, 202 F.2d 817, 820. However, there is a difference between the New Jersey statute construed in *Cohen* and Rule 69.5. The *Cohen* statute, requiring plaintiffs to post security for attorney's fees and expenses in addition to court costs was directed to, and limited to, stockholders bringing minority suits. It was, as the court noted, a change in state substantive law governing such suits. So substantial a burden could not have been imposed by a state with respect to actions over which it had no authority. McClure v. Borne Chem. Co., 3 Cir., 1961, 292 F.2d 824. *Cf.* J. W. Moore, Fed. Practice ¶ 23.1.15[3] (*Cohen*-type statute may be "death knell" for many stockholders suits.) To require all foreign plaintiffs, as such, to post substantial security as a condition to access to the courts may well be an unconstitutional denial of equal protection. We do not pass on this question, other than to say that we are not speaking of a rule that applies only to simple court costs, or that excludes cases where the plaintiff is proceeding in forma pauperis. *Cf.* Pasquarella v. Santos, 1 Cir., 1969, 416 F.2d 436.