**Arthur and Harriet MOROWITZ, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 633–85T.**

United States Claims Court.

Jan. 21, 1987.

Louis Morowitz, Douglaston, N.Y., attorney of record for plaintiffs.

Charles Bricken, Washington, D.C., with whom was Asst. Atty. Gen. Roger M. Olsen, for defendant.

## OPINION

REGINALD W. GIBSON, Judge:

This opinion addresses plaintiffs' January 9, 1987 Motion For Leave To File Motion For Judgment On The Pleadings After Close Of The Period. Plaintiffs premise their motion on RUSCC 7(b)(1) [1] and 12(c).[2] While RUSCC 7(b)(1) is appropriate to comply with in seeking relief under RUSCC 12(c), it is axiomatic that RUSCC 6(b)(2) is the definitive provision of the procedural rules which delineates the operative criteria in determining—whether a motion for leave to file a *delinquent* RUSCC 12(c) motion should be allowed.

Before we address that analysis, a brief overview of the chronological operative facts may prove helpful in determining whether plaintiffs' subject motion for leave is well founded. Such facts are as follows:

(i) On October 25, 1985, the joint petition was filed;

(ii) On February 21, 1986, defendant filed its answer;

(iii) On February 25, 1986, the court filed its pretrial order providing:

(a) *Discovery:*

Plaintiffs' to be completed by June 2, 1986; Defendant's to be completed by June 16, 1986.

(b) *Dispositive Motion(s)* to be filed by July 1, 1986.

(c) *Pretrial Submissions:*

Plaintiffs' to be filed by July 14, 1986 (enlarged to July 22, 1986); Defendant's to be filed 15 days thereafter (enlarged to August 11, 1986); Plaintiffs' reply to be filed 10 days thereafter.

(d) *Pretrial Conference:*[3] August 29, 1986; Rescheduled to September 5, 1986 on August 6, 1986; Rescheduled to September 15, 1986 on August 29, 1986. (Plaintiffs advised the court that they *will not* file a pretrial reply as required by para. III.(4) of the pretrial order.);

---

1. RUSCC 7(b)(1) (1984) states: "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. Any motion, objection, or response may be accompanied by a brief or memorandum, and, if necessary, by supporting affidavits. Any motion may be accompanied by a proposed order."

2. RUSCC 12(c) states: "After the pleadings are closed, *but within such time as not to delay the trial,* any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." (emphasis added).

3. On September 4, 1986, defendant filed a motion in limine seeking to bar the testimony of Arthur Morowitz and Howard Farber which it deemed to be irrelevant to any issue in the case. Said motion was denied by written opinion dated October 2, 1986.

(iv) On September 15, 1986, the court issued an order following the pretrial conference as follows:

(a) defendant shall file any motion for sanctions by October 1, 1986, premised on plaintiffs' failure to file a reply submission;

(b) plaintiffs shall file supplemental pretrial submission of list of expert and fact witnesses by October 17, 1986;

(c) trial was scheduled for February 12, 1987;

(v) On September 17, 1986, the court issued an order requiring defendant's pretrial supplemental submission to be filed by October 28, 1986;

(vi) On October 1, 1986, defendant filed its motion for sanctions under RUSCC 16, due to plaintiffs' failure and refusal to file, as required, a *reply* pretrial submission to defendant's submission;

(vii) On October 21, 1986, plaintiffs filed their supplemental pretrial submission;

(viii) On October 23, 1986, defendant was allowed an enlargement of 14 days from October 28, 1986, to November 11, 1986, in which to file its supplemental submission;

(ix) On November 4, 1986, the court entered a Show Cause Order which *granted* defendant's motion for sanctions *if* plaintiffs did not file their show cause memorandum by November 18, 1986;

(x) On November 5, 1986, the trial was rescheduled from February 12, 1987, to January 27, 1987, in New York City;

(xi) On November 12, 1986, defendant filed its supplemental pretrial submission;

(xii) On November 24, 1986, plaintiffs' Show Cause Memorandum, due on or before November 18, 1986, was filed by leave of the court; and

(xiii) On December 1, 1986, defendant's reply to plaintiffs' show cause memorandum was filed.

Against the foregoing factual background, it was *not* until January 9, 1987, *i.e.*, 18 days before the day of trial and six months and eight days *after* the date on which all dispositive motions were required to be filed (*i.e.*, July 1, 1986) that plaintiffs saw fit to file their subject motion for leave to file a motion for judgment on the pleadings under RUSCC 12(c). Noteworthy is the fact that said motion candidly admits that it is delinquent in that it was filed "after the close of the period provided in the Court's Pretrial Order of February 25, 1986." Nevertheless, plaintiffs aver, as justification for the granting of subject motion, the following "good cause":

(1) In plaintiffs' petition (para. 12) there was asserted the alternative claim that even were the distributions deemed attributable. to the petitioner stockholders (as contended by IRS) that said payment did not represent dividend income to the petitioners;

(2) The documents submitted by plaintiffs and defendant in their respective pretrial submissions have all been admitted by the adverse party;

(3) Substantial case law, etc., may be dispositive of this alternative claim based solely on the documents in the pleadings;

(4) Upon granting of subject motion for leave to file the RUSCC 12(c) motion, plaintiffs will within seven days from such date file their Motion for Judgment on the Pleadings; and

(5) Finally, the need for a trial due to the foregoing may be negated.

Whether the court should grant a grossly tardy motion for leave to file a dispositive motion such as the foregoing is governed by RUSCC 6(b)(2). Not only did plaintiffs fail to discuss the elements of entitlement under said rule, but they completely failed to cite said rule. We find that RUSCC 6(b)(2) is controlling in determining plaintiffs' entitlement to their motion for leave and it provides, as follows, in pertinent parts:

When by ... order of court an act is required or *allowed* to be done at or within a specified time, the court *for cause shown* may at any time in its discretion ... (2) upon motion made after the expiration of the specified period *permit* the act to be done *where the failure*

*to act was the result of excusable neglect....*

RUSCC 6(b)(2) (1984).

The operative facts show, *supra,* that, by this court's pretrial order dated February 25, 1986, the parties were required to file any and all dispositive motions on or before July 1, 1986. None were filed, nor has any been filed to date. Because of their obvious delinquency, plaintiffs, by the subject motion for leave of January 9, 1987, in effect has sought an enlargement of the time period prescribed by the court's order of February 25, 1986, in which to file their dispositive RUSCC 12(c) motion. The enlargement of time sought consists of *more than* six months inasmuch as the time in which such motion was permitted to be filed expired on July 1, 1986, and subject motion for leave was not filed in this court until January 9, 1986.

 To be entitled to an enlargement pursuant to RUSCC 6(b)(2), whereas here the time has expired, the burden is on the movant to establish that the delay or "the failure to act was the result of excusable neglect." Thus, if the movant makes a good cause showing, then in such case the RUSCC 6(b)(2) relief should be granted, particularly where the delay is insignificant and non-prejudicial. *Coady v. Aguadilla Terminal Inc.,* 456 F.2d 677 (1st Cir.1972).[4] Conversely, however, in the absence of any showing of "excusable neglect," such as here, relief *cannot* be granted. *McLaughlin v. City of LaGrange,* 662 F.2d 1385 (11th Cir.1981), *cert. denied,* 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982).

The threshold issue, given the foregoing operative facts and standard for relief, therefore, is what are the facts proffered by plaintiffs, in their motion for enlargement of time, which show that the more than six-month delay in attempting to file a dispositive motion is the result of "excusable neglect." The short answer to that question is that plaintiffs completely ignored this burden in that they proffered not *one scintilla* of evidence purporting to

establish "excusable neglect" for their failure to timely file said motion. What was averred by plaintiffs, ostensibly as good cause, was an esoterical legal argument of their entitlement on the merits, *supra,* and not a reasonable and excusable explanation for the protracted delay.

While on a good cause showing of excusable neglect, courts are generally liberal in granting RUSCC 6(b) motions. However, given the extant circumstances here, failure to proffer any showing whatever for the delinquency makes it clear beyond cavil that plaintiffs' motion must be denied. The foregoing is not inconsistent with RUSCC 1—that these "rules shall be construed to secure the just, speedy, and inexpensive determination of every action,"—whereas here plaintiffs' conduct has already generated gross delay to this litigation, and the trial is firmly set for January 27, 1987.

### Conclusion

Given the foregoing, plaintiffs' Motion For Leave To File Motion For Judgment On The Pleadings After Close Of Period is DENIED.

IT IS SO ORDERED.

---

4. The cases cited herein interpret FRCP 6(b)(2), which contains language mandating an identical standard of "excusable neglect" to that found in RUSCC 6(b)(2).