UNITED STATES of America, Plaintiff,

v.

ONE WHITE 1987 TEMPEST SPORT BOAT NAMED "EL MATADOR," Defendant.

M.B.D. No. 89–794.

United States District Court, D. Massachusetts.

Nov. 17, 1989.

**8**

Laurie J. Sartorio, Asst. U.S. Atty., for plaintiff.

John C. McBride, McBride, Wheeler & Widegran, Boston, Mass., for defendant.

---

## MEMORANDUM

TAURO, District Judge.

On April 12, 1989, Special Agents of the FBI seized the "El Matador" sportboat, suspecting that it had been used for drug trafficking. Two weeks later, the FBI sent a notice of seizure to Rafael Sanchez, instructing him to post a bond by June 13, 1989 if he wished to contest the seizure and potential forfeiture. On June 22, Sanchez filed a claim and posted a bond.[1] The matter was then transferred to the United States' Attorney's office.

On August 22, the government filed a motion to extend the time in which to file a forfeiture complaint. This was one day after the complaint itself should have been filed.[2] On August 23, this court improperly allowed the motion to extend, Sanchez not having had an opportunity to respond. On August 28, Sanchez filed an opposition to the government's motion, and a motion for reconsideration of this court's grant of the extension.

These motions raise the fundamental issue as to whether the government is time-barred from seeking an extension of time in which to file its forfeiture complaint.

I.

██ The newly enacted 21 U.S.C. § 881–1, entitled "Expedited Procedures For Seized Conveyances," amends the Controlled Substances Act, Pub.L. No. 91–513, Title II, § 511A, in a number of respects. Most significant for purposes of this case, the government is now required to file a forfeiture complaint within sixty days after a claimant has filed his claim and cost bond. The statute provides, in relevant part:

> Not later than 60 days after a claim and cost bond have been filed under section 1608 of Title 19 regarding a conveyance seized for a drug-related offense, the Attorney General shall file a complaint for forfeiture in the appropriate district court, except that the court may extend the period for filing for good cause shown or on agreement of the parties. If the Attorney General does not file a complaint as specified in the preceding sentence, the court shall order the return of the conveyance to the owner and the forfeiture may not take place.

21 U.S.C.A. § 881–1(c) (West Supp.1989).

The government concedes that it did not act within the 60 days required by 21 U.S.C. § 881–1(c). It argues, however, that it qualifies for the "good cause" exception to the 60–day deadline. Specifically, the government contends that investigation into the matter was still ongoing, and it had not yet been determined whether a forfeiture complaint would ever be filed. The government argues that its decision not to file a complaint, until verifying all information relevant to the issue of probable cause, constituted "good cause" for purposes of § 881–1(c).

Sanchez argues, however, that § 881–1(c) should be strictly applied and, because the government failed to meet the 60–day dead-

---

**1.** Sanchez actually mailed his claim and bond to the FBI on May 24, but it was returned to him by the post office for failure to identify a specific addressee. He did not attempt to refile until June 22, but because he made one good faith effort to file before June 13, the FBI accepted his claim and bond. For purposes of this decision, then, Sanchez's claim and bond were timely filed.

**2.** Title 21 U.S.C. § 881–1 requires the government to file a Complaint for Forfeiture within sixty days after the claim and cost bond have been filed, unless the government shows "good cause" for delay. *See infra.* Here, the government filed its motion for an extension one day after the sixty days expired, and filed the actual complaint two days later.

line, no extension may be granted. In support of its argument, Sanchez relies on an analogous Admiralty Claims statute, Fed.R.Civ.P., Supplemental Rule For Certain Admiralty and Maritime Claims C(6), that courts have applied rigorously. The guidance of an analogous procedure is appropriate because § 881–1 was enacted too recently to have generated substantial case law. While the government concedes that courts do construe Rule C(6) strictly, it contends that section is inapposite because it does not have a "good cause" exception and is, therefore, inherently more severe than § 881–1.

## II.

Because the government failed to request an extension within the 60–day period, its argument for a "good cause" exception is unavailing. The government's unfinished investigation may have constituted "good cause" if the extension request had been filed *within* 60 days after Sanchez's claim and cost bond were filed.[3] But, the request for an extension was filed *after* the 60 day period had expired. In order to have preserved its opportunity to file a complaint late, the government was required to have asked for an extension *before* the 60 days expired.[4] Under the circumstances, the court has no authority to grant an extension on the grounds of "good cause."

## III.

■ The government makes a further appeal to the court's discretionary power in deciding whether to enforce the 60–day limitations bar. The government argues that, even if § 881–1(c)'s "good cause" exception is inapplicable, Fed.R.Civ.P. 6(b)(2) gives the court discretion to avoid the application of § 881–1(c)'s limitations period here. Rule 6(b)(2) provides;

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed.R.Civ.P. 6(b)(2).

Title 21 U.S.C. § 881(b) expressly states that property subject to forfeiture is seized pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims. Rule A of those Supplemental Rules, in turn, states that "the general Rules of Civil Procedure for the United States District Courts are also applicable to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

The government offers a number of cases that give Rule 6(b)(2) "a liberal interpretation in order to effectuate substantial justice." [5] It is true that the interest of the government here in controlling drug traffic is a substantial one.[6] But, Rule 6(b)(2) is ordinarily given liberal interpretation "in granting extensions of time *before* the period to act has elapsed, so long as the mov-

---

**3.** Incompleteness of an investigation as to whether there is "probable cause" is a classic example of why extensions are allowed. *See, e.g., United States v. One 1971 BMW 4–Door Sedan,* 652 F.2d 817, 821 (9th Cir.1981) (it was not unreasonable delay where a United States Attorney had to first satisfy himself that a proceeding could probably be maintained before the initiation of a forfeiture proceeding).

**4.** *Cf.* 2 Moore's Federal Practice ¶ 6.08 (2d ed. 1988) ("Ordinarily an application for the enlargement of a period of time should be made before the expiration of the period originally prescribed....").

   *See also Dwyer v. United States,* 716 F.Supp. 1337, 1339 (S.D.Cal.1989), which held that the government's failure to issue a seizure notice

within 60 days after seizure frustrated Congress' "clear intent that the government move expeditiously in bringing forfeiture proceedings."

**5.** The government relies on *United States v. One 1971 BMW 4–Door Sedan,* 652 F.2d 817, 821 (9th Cir.1981), *Woods v. Allied Concord Financial Corp.,* 373 F.2d 733, 734 (5th Cir.1967), and *Yonofsky v. Wernick,* 362 F.Supp. 1005, 1012 (S.D.N.Y.1973) for support.

**6.** *See United States v. One 1971 BMW 4–Door Sedan,* 652 F.2d 817, 821 (9th Cir.1981) (noting "the substantial interest of the government in controlling the narcotics trade without being hampered by costly and substantially redundant administrative burdens").

ing party has not been guilty of negligence or bad faith and the privilege of extensions is not abused." 2 Moore's Federal Practice ¶ 6.08 (2d ed.1988) (emphasis added).[7]

### IV.

In support of its position that Rule 6(b)(2) gives the court discretion to avoid § 881–1, the government cites *Coady v. Aquadilla Terminal, Inc.,* 456 F.2d 677 (1st Cir.1972), a non-Rule 6(b)(2) case. In *Coady,* plaintiff was ordered to post a bond for costs and attorney's fees in a personal injury case within 90 days. Plaintiff did not post the bond until more than a year later after defendant moved for dismissal. The district court dismissed the case for plaintiff's failure to post bond, pursuant to a local rule. The First Circuit reversed, however, because the local rules relaxed the requirement of dismissal if the delay was the result of "excusable neglect." 456 F.2d at 678. Although the court opined that "[w]e would not find the present neglect excusable were we concerned with F.R.Civ.P. 60(b) [which allows a party relief from a final judgment in cases of, *inter alia,* excusable neglect]," *id,* the court held that, "delay in filing a cost bond, where no other action had taken place, is so insignificant and so unprejudicial in any sense, that we think in justice it should be excused." *Id.*

*Coady* is authority, given certain circumstances, for permitting the posting of a bond after a limitations period has run. But there, the delay was "insignificant" and "unprejudicial." Here, however, seizure of a substantial asset is involved. Moreover, courts are generally unsympathetic to late-filing claimants who move to vacate decrees of default and forfeiture. *See United States v. One Urban Lot at 1 Street A–1,* 885 F.2d 994 (1st Cir.1989) (where claimants fail to appear prior to final judgment, court applies Rule 60(b) standard rather than the less demanding "good cause" standard of Rule 55(c)).[8] If

---

7. *See supra* note 4 and accompanying text.

8. Fed.R.Civ.P. 60(b) allows a court to grant relief from a final judgment upon a showing of, *inter alia,* mistake, inadvertence, surprise, or excusable neglect. Fed.R.Civ.P. 55(c) allows a

non-government claimants are held to a high standard of forgiveness for their failure to act within statutory deadlines, fundamental fairness requires that the government be held to the same standard.

### V.

Accordingly, this court's previous allowance of the Government's Motion For An Extension In Which To File A Forfeiture Complaint must be vacated, and that same motion must now be denied. Furthermore, 21 U.S.C. § 881–1(c) requires the court to order that the "El Matador" sportboat be returned to Mr. Sanchez, and that no forfeiture may take place.

court to set aside an entry of default "for good cause shown." The First Circuit in *One Urban Lot* specifically noted that the latter standard for relief is "less demanding."