**UNITED STATES of America, Plaintiff,**

v.

**1986 FORD BRONCO, etc., Defendant.**

**No. 90–8498–CIV.**

United States District Court,
S.D. Florida.

Jan. 21, 1992.

---

John F. Tierney, III of Tierney & Haughwout, West Palm Beach, Fla., for Christopher Orf.

Alan J. Cooper, Asst. U.S. Atty., West Palm Beach, Fla., for U.S.

## ORDER ON MAGISTRATE'S REPORT AND RECOMMENDATION

HIGHSMITH, District Judge.

Upon review of the Report and Recommendation of United States Magistrate Judge Barry L. Garber, upon independent review of the record, and upon the observation that the parties have served and filed no written objections to the aforementioned Report and Recommendation, it is hereby

ORDERED AND ADJUDGED that said Report and Recommendation is hereby ADOPTED, AFFIRMED, and RATIFIED, and that Orf's Motion to Dismiss and for Immediate Return of Seized Property be GRANTED. The government must return the defendant vehicle to Orf within 20 days of the date of this Order.

---

**1.** The claim notice by Orf is dated June 11, 1990. (Exhibit F to Orf's Motion.) The Government, however, contends Orf "filed a claim and cost

DONE AND ORDERED in Chambers, at Miami, Dade County, Florida this 17 day of January, 1992.

## REPORT AND RECOMMENDATION

BARRY L. GARBER, United States Magistrate Judge.

THIS CAUSE comes before the Court pursuant to an Order of Reference entered on December 2, 1991 by the Honorable Shelby Highsmith, United States District Judge. In accordance with the Order of Reference, the following Report and Recommendation is hereby submitted on Claimant Christopher Orf's ("Orf's") Motion to Dismiss and for Immediate Return of Seized Property.

### I. BACKGROUND

On February 23, 1989, the Federal Bureau of Investigation ("FBI") seized claimant Orf's 1986 Ford Bronco XLT Wagon under 21 U.S.C. § 881(a)(4). The FBI seized the vehicle in connection with the ongoing "Avon Pinder" investigation, a large cocaine conspiracy that resulted in numerous convictions and forfeitures in Palm Beach County, Florida. Donald Orf, Orf's father, was a target of the investigation and allegedly used Orf's Bronco to transport two kilograms of cocaine.

Although the vehicle was seized in February 1989, the FBI did not send Orf a seizure notice until May 14, 1990. Orf responded by filing a claim and cost bond on June 11th or 16th, 1990.[1] The United States of America ("Government") then filed the above-styled forfeiture action on November 15, 1990.

### II. DISCUSSION

Orf contends that the Government violated various federal regulations by failing to promptly notify Orf of the seizure and failing to promptly file the forfeiture action. Moreover, the Government's delay has allegedly violated Orf's due process rights. Orf requests that the Court dismiss the

bond on or about June 16, 1990." (Government's Opposition at 2.)

forfeiture action and return his vehicle. The Government responds that Orf's due process rights have not been violated.[2]

## A. Violation of § 888(b)

■ Orf first contends that the Government's failure to promptly notify him of the seizure violates 21 C.F.R. § 1316.99 (1991). Section 1316.99 explicates certain provisions in the Anti–Drug Abuse Act of 1988, specifically 21 U.S.C. § 888.[3] Section 888(b) provides:

> At the earliest practicable opportunity after determining ownership of the seized conveyance, the head of the department or agency that seizes the conveyance shall furnish a written notice to the owner and other interested parties (including lienholders) of the legal and factual basis of the seizure.

Here, the Government violated § 888(b) by not furnishing written notice to Orf "at the earliest practicable opportunity after determining ownership" of the vehicle. The seizure occurred on February 23, 1989, but the Government did not notify Orf until over a *year* later, on May 14, 1990.

The Government attributes this delay to the claim that Orf's father *Donald* initially made upon the vehicle. The Court denied Donald Orf's claim on July 7, 1989. (Exhibit 1 to Government's Opposition.) *Christopher* Orf, the claimant in this action, then notified the Government that he was the vehicle's owner on July 10, 1989. (Exhibit C to Orf's Motion.) The Government claims that the delay from July 10, 1989 to May 14, 1990 was due to a "contradiction" over who actually owned the vehicle. (Government's Opposition at 6.)

**2.** The Government does not respond to Orf's regulatory arguments.

**3.** Section 888 was formerly codified at 21 U.S.C. § 881–1, and became effective on the date of its enactment, November 18, 1988.

**4.** The Government claims that it took ten months to investigate whether Orf was an "innocent" owner and, upon concluding Orf was not, issued Orf notice of seizure "in a timely manner." (Government's Opposition at 6.) The Government does not explain what Orf's status

The Government's position is untenable. A simple review of the vehicle's title documents would disclose who owned it, and thereby resolve any "contradiction." Shortly after Orf's July 10, 1989 letter, the Government should have complied with the congressional mandate and sent Orf notification. Instead the Government, unaccountably, took another ten months.[4] Such a delay is unreasonable and in violation of § 888(b). *See Brantz v. United States*, 724 F.Supp. 767, 771 (S.D.Cal.1989) (21 day delay before sending seizure notice requires return of property under § 888); *Dwyer v. United States*, 716 F.Supp. 1337, 1339–40 (S.D.Cal.1989) (62 day delay before sending seizure notice requires return of property under § 888(b)).

## B. Violation of § 888(c)

■ Orf contends that the Government's failure to file a forfeiture action within sixty days of Orf's filing a claim and cost bond constitutes a second regulatory violation. Orf cites 21 C.F.R. § 1316.97, which is almost identical to 21 U.S.C. § 888(c). Section 888(c) provides:

> Not later than 60 days after a claim and cost bond have been filed under section 1608 of Title 19 regarding a conveyance seized for a drug-related offense, the Attorney General shall file a complaint for forfeiture in the appropriate district court, except that the court may extend the period for filing for good cause shown or on agreement of the parties. If the Attorney General does not file a complaint as specified in the preceding sentence, the court shall order the return of the conveyance to the owner and the forfeiture may not take place.

as either an "innocent" or "guilty" owner has to do with sending him simple notice under § 888(b) that his property was seized. The statute does not make notice dependent on the owner's moral status; the Government must inform *every* owner, "innocent" or otherwise, of the legal and factual basis of the seizure "at the earliest practicable opportunity." 21 U.S.C. § 888(b); *see also Dwyer*, 716 F.Supp. at 1340 ("In the Court's judgment, [§ 888(b) ] cannot realistically contemplate a delay of longer than a week after ownership is determined.").

Orf filed his claim and cost bond in compliance with § 888(c) on June 11th or 16th, 1990. The Government filed its forfeiture action at least *150 days* later, on November 15, 1990. The Government explains that the delay "was caused by the Office relocation of the undersigned [Assistant United States Attorney Alan J. Cooper], was due to additional investigation required by the F.B.I., and the analysis required by a small number of attorneys assigned to a large number of civil forfeiture cases." (Government's Opposition at 6.)

The Government's explanation is inadequate and frustrates Congress' "clear intent that the government move expeditiously in bringing forfeiture proceedings." *Dwyer*, 716 F.Supp. at 1339. If the Government required more time to complete its investigation, it could have moved to extend the sixty day limit. But "[i]n order to preserve its opportunity to file a complaint late, the government was required to have asked for an extension *before* the 60 days expired." *United States v. One White 1987 Tempest Sport Boat*, 726 F.Supp. 7, 9 (D.Mass.1989) (filing of forfeiture complaint 62 days after seizure violates § 888(c) and requires return of property).

Here, the Government never moved for an extension either before or after the sixty day limit. Accordingly, the Court "shall order the return of the conveyance to the owner and the forfeiture may not take place."[5] 21 U.S.C. § 888(c).

### III. CONCLUSION AND RECOMMENDATION

Congress amended § 888 because "vehicle owners ... routinely faced the problem of being deprived of their vehicles for long periods of time without having any redress to the courts." *Dwyer*, 716 F.Supp. at 1339. Vehicle owners now have such redress, and the Government must be prepared to accept the consequences for unreasonable delay.

Thus, after careful consideration of this matter and for the reasons set forth above, the undersigned hereby

RECOMMENDS that Orf's Motion to Dismiss and for Immediate Return of Seized Property be GRANTED and that the defendant vehicle be returned to Orf within 20 days after entry of the District Court's order.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with the Honorable Shelby Highsmith, United States District Judge. *See* 28 U.S.C. § 636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir.), *cert. denied*, 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 20th day of December, 1991.

---

**5.** Because the undersigned recommends dismissal on statutory grounds, this Report and Recommendation does not address Orf's due process claims.