**UNITED STATES of America, Plaintiff,**

v.

**ONE 1991 FORD MUSTANG LX, VIN 1FACP44E6MF151861, WITH ALL ATTACHMENTS THEREON, INCLUDING BUT NOT LIMITED TO ALL CELLULAR TELEPHONES AND CB RADIOS, Defendant.**

**Civil A. No. 95–K–2302.**

United States District Court, D. Colorado.

Jan. 2, 1996.

As Corrected Jan. 16, 1996.

James S. Russell, Denver, CO, for Plaintiff.

Donald L. Lozow, Denver, CO, for Defendant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

On September 7, 1995, the United States filed a Verified Complaint for Forfeiture *In Rem* pursuant to 21 U.S.C. § 881, seeking forfeiture of the Defendant vehicle involved in the civil narcotics provision of 21 U.S.C. § 801 *et seq.* Dennis and Monica Armijo

claim an ownership interest in the vehicle and move to dismiss the complaint. Jurisdiction is proper under 28 U.S.C. §§ 1345 (over a suit commenced by the United States) and 1355 (over a forfeiture action).

## I. *Background.*

The complaint alleges in the course of an investigation into the drug trafficking activities of Daniel Melina and his organization for trafficking in cocaine, a cooperating individual identified Dennis Armijo as a courier for the organization. The individual stated Melina had provided the funds, proceeds of his drug trafficking activities, to Armijo for the purchase of the Defendant vehicle.

On December 15, 1994, a federal search warrant was executed on Melina's residence. Among the items found was a bill of sale for the Defendant vehicle in the name of Dennis Armijo.

On April 20, 1995, law enforcement agents seized the Defendant vehicle at Melina's residence. The license plate on the vehicle was registered to Monica Armijo. At the time of the seizure, Dennis Armijo and a woman in her early twenties identifying herself as "Monica" approached the law enforcement agents. Monica claimed to be the owner of the Defendant vehicle. The complaint asserts neither Dennis nor Monica Armijo have any known source of legitimate income.

On June 22, 1995 Monica and Dennis Armijo each claimed an ownership interest in the Defendant vehicle in a Claim of Ownership sent by certified mail to the Drug Enforcement Administration ("DEA"). Each Claim of Ownership was accompanied by an Affidavit to Proceed in Forma Pauperis in Lieu of Cost Bond. These documents were received by the DEA on June 28, 1995 and forwarded to the Office of the United States Attorney on July 7, 1995.

Don Sperry, Special Agent of the DEA verified the allegations in the September 7, 1995 complaint for forfeiture. He asserts, based on the investigation, he had probable cause to believe the Defendant vehicle was purchased with the proceeds of the drug trafficking activities of Melina and Dennis Armijo and was titled in the name of Monica

Armijo in an effort to conceal the true owner of the vehicle.

On September 13, 1995, United States Magistrate Judge O. Edward Schlatter signed an Order for Arrest of Property *In Rem* authorizing the arrest and seizure of the Defendant vehicle. The order required publication of notice pursuant to Rule C(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims giving persons with interest ten days within which to file a claim and twenty days after filing of the claim to file an answer.

On September 15, 1995, the United States Marshals Service transferred the Defendant vehicle which was in its custody under Administrative DEA Case MK–94–0078 into its custody under this judicial case number. On October 12, 1995, the United States Attorney gave notice of the verified complaint and the execution of the warrant for the forfeiture of the Defendant vehicle on September 15, 1995 and advised all persons claiming the Defendant vehicle to file their claims pursuant to Supplemental Rule C(6) with the Clerk of this court within ten days.

On October 20, 1995, counsel filed a "Notice of Claim" on behalf of Monica Armijo and one on behalf of Dennis Armijo. Attached to each Notice of Claim was a photostatic copy of a June 22, 1995 affidavit signed by each claimant stating Monica Armijo had contributed $16,500 and Dennis Armijo had contributed the balance of $1,000 for the purchase of the Defendant vehicle and that the legal owner was Monica Armijo.

On November 9, 1995, Monica and Dennis Armijo filed a motion to dismiss pursuant to 21 U.S.C. § 888(c). They argue 21 U.S.C. § 888(c) states the Complaint for Forfeiture must be filed no later than sixty days after the claim and cost bond have been filed unless the court has extended the period for filing for good cause shown or on agreement of the parties.

The Armijos assert they filed their Claim of Ownership and Affidavit to Proceed in Forma Pauperis In Lieu of Cost Bond on June 22, 1995, regarding the Defendant vehicle seized for a drug-related offense with the DEA. They seek dismissal and the return of

the vehicle because the complaint was filed on September 7, 1995, more than sixty days after their claim and motion to proceed *in forma pauperis* in lieu of cost bond were received by the DEA.

On November 29, 1995, I denied the initial motion to dismiss on procedural grounds. On December 5, 1995, the Armijos filed a second motion to dismiss on the same grounds as the first.

In its response, the United States concedes its complaint for forfeiture was filed two days after the expiry of the sixty day period following the date on which the United States Attorney received the Armijos' claim and motion to proceed *in forma pauperis* in lieu of cost bond. Nevertheless, the United States asserts good cause exists for extending the period of time within which the complaint can be filed under 21 U.S.C. § 888(c).

The United States further argues Monica and Dennis Armijo are not "claimants" who can contest this forfeiture by motion to dismiss or otherwise because the "Notice of Claim" filed on their behalf on October 20, 1995 does not comply with the formalities of the Supplemental Rule for Certain Admiralty and Maritime Claims C(6). *See* Fed.R.Civ. P., Supp. Rule C(6).

## II. *Analysis.*

The Anti–Drug Abuse Act provides in pertinent part:

> The provisions of law relating to the seizure, summary and judicial forfeiture ... for violation of the customs laws, the disposition of such property or the proceeds from the sale thereof; the remission or mitigation of such forfeitures ... shall apply to seizures or forfeitures incurred, or alleged to have been incurred, under the provisions of this subchapter ...

21 U.S.C. § 881(d). Thus the provisions of the Tariff Act contained in 19 U.S.C. § 1608 relating to seizure, claims and judicial condemnation apply to the drug-related seizure of Defendant vehicle.

Title 19 U.S.C. § 1608 (read with 21 U.S.C. § 881(d)) provides any person claiming a vehicle seized for a drug-related offense may, within twenty days from the date of the first publication of the notice of seizure, file a claim together with a cost bond with the DEA. The DEA is then required to transmit the claim and bond to the United States attorney for the district in which the seizure was made "who shall proceed to a condemnation of the merchandise or other property in the manner prescribed by law." 19 U.S.C. § 1608.

Here, law enforcement agents seized the Defendant vehicle on April 20, 1995. On June 22, 1995, pursuant to 19 U.S.C. § 1608, Dennis and Monica Armijo each sent their Claim of Ownership and Affidavit to Proceed in Forma Pauperis in Lieu of Cost Bond to the DEA. It is undisputed that the Armijos complied with the provisions of 19 U.S.C. § 1608 when they submitted these documents to the DEA.

As required by § 1608, the DEA transmitted the documents together with a description of the Defendant vehicle to the United States Attorney who received the material on July 7, 1995. The United States Attorney filed the Verified Complaint for Forfeiture on September 7, 1995, sixty-two days after receiving the claim and affidavit in lieu of cost bond.

The Anti–Drug Abuse Act pertinently provides:

> Not later than 60 days after a claim and cost bond have been filed under section 1608 of Title 19 regarding a conveyance seized for a drug-related offense, the Attorney General shall file a complaint for forfeiture in the appropriate district court, except that the court may extend the period for filing for good cause shown or on agreement of the parties. If the Attorney General does not file a complaint as specified in the preceding sentence, the court shall order the return of the conveyance to the owner and forfeiture may not take place.

21 U.S.C. § 888(c).

(a) *Extension of Time under 21 U.S.C. § 888(c).*

The United States concedes it filed the complaint two days after the expiry of the sixty day period mentioned in 21 U.S.C. § 888(d) and that it made no application for

834

an extension of time before such filing. It asserts, however, based on a combination of stated facts, good cause exists for granting a retroactive two day extension of time within which to file the complaint.[1]

 The government submits no authority in support of its request for such *ex post facto* extension under § 888(c); nor do I find any. To the contrary, courts demand strict compliance with the sixty day time limit.

In *United States v. One White 1987 Tempest Sport Boat Named "El Matador"*, the court held "in order to preserve its opportunity to file a complaint late, the government was required to have asked for an extension before the sixty days expired." 726 F.Supp. 7, 9 (D.Mass.1989). Since the government had not requested an extension within the sixty-day period, the court found itself without authority to grant such extension.

Similarly, in *United States v. 1986 Ford Bronco*, the court found the government's failure to file a forfeiture action within sixty days of the filing of a claim and cost bond constituted a regulatory violation which frustrated Congress' " 'clear intent that the government move expeditiously in bringing forfeiture proceedings.' " 782 F.Supp. 1543, 1545–46 (S.D.Fla.1992) (quoting *Dwyer v. United States*, 716 F.Supp. 1337, 1339 (S.D.Cal.1989)). The courts in both the *"El Matador"* and *1986 Ford Bronco* cases ordered the property returned and that no forfeiture take place.

As I stated in *United States v. One 1976 Buick Skylark:*

> Forfeitures are not favored and should be enforced only when within both the letter and the spirit of the law; those provisions of forfeiture statutes relating to remission of forfeited vehicles should be liberally construed to effectuate remission.

453 F.Supp. 639, 643 (D.C.Colo.1978) (citing *United States v. One 1936 Model Ford V–8 De Luxe Coach*, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249 (1939)).

For the foregoing reasons, I deny the United States' request for a retroactive extension to file its complaint under § 888(c).

(b) *Extension under Federal Rule of Civil Procedure 6(b).*

The United States alternatively requests me to enlarge the time for filing of the verified complaint pursuant to my authority under Federal Rule of Civil Procedure 6(b) which provides:

> When by these rules or by a notice given thereunder or by order of court an act is required to be done at or within a specified time, the court for good cause shown may at any time in its discretion ... (2) upon motion made after the expiration of the specified time period permit the act to be done where the failure to act was the result of excusable neglect....

Fed.R.Civ.P. 6(b).

Title 21 U.S.C. § 881(b) states property subject to forfeiture is seized pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims. Supplemental Rule A states: "The general Rules of Civil Procedure for the United States District Courts are also applicable to the foregoing proceedings except to the extent they are inconsistent with these Supplemental Rules." Fed. R.Civ.P., Supp. Rule A.

 "Ordinarily, an application for the enlargement of a period of time should be made before the expiration of the period originally prescribed...." 2 James W. Moore, *Moore's Federal Practice* ¶ 6.08 (2d ed. 1995). In rejecting the government's request for an extension under Rule 6(b)(2), the court in *"El Matador"* noted the rule "is ordinarily given liberal interpretation 'in granting extensions of time before the period to act has elapsed, so long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions is not abused.' " 726 F.Supp. at 9–10 (quoting 2 *Moore's Federal Practice* ¶ 6.08 (2d ed. 1988)).

That court observed a general lack of sympathy to claimants who file late motions to vacate decrees of default and forfeiture. *See,*

---

1. Because of the failure to apply for an extension of time within the sixty day period as the statute clearly provides, I do not reach the question of whether the grounds asserted would constitute good cause under any circumstance.

*e.g., United States v. 1 Street A–1*, 885 F.2d 994, 997 (1st Cir.1989) (holding claimants who fail to appear before final judgment to a Rule 60(b) standard rather than the "less demanding" "good cause" standard of Rule 55(c)).[2] The *"El Matador"* court validly commented "if non-government claimants are held to a high standard of forgiveness for their failure to act within statutory deadlines, fundamental fairness requires that the government be held to the same standard." 726 F.Supp. at 10.

With these principles in mind, I deny the government's Rule 6(b) request for an extension to file the complaint for forfeiture.

(c) *Standing to Contest the Forfeiture.*

The United States contends the Armijos do not have standing to defend the forfeiture because the "Notice of Claim" filed on October 20, 1995 does not comply with the formalities of the Supplemental Rule for Certain Admiralty and Maritime Claims C(6).

█ The mandate of the Anti–Drug Abuse Act is clear: "If the Attorney General does not file a complaint as specified in the preceding sentence, the court shall order the return of the conveyance to the owner and the forfeiture may not take place." 21 U.S.C. § 888(c). The statute does not condition my charge on the filing of a properly verified claim in response to the untimely complaint. I therefore do not reach the issue of the standing of the Armijos to defend the forfeiture.

### III. *Conclusion.*

I conclude the United States did not comply with the sixty-day requirement for filing its forfeiture complaint and deny its request for an extension of time for such filing. Therefore, pursuant to 21 U.S.C. § 888(c), I order the return of Defendant vehicle to the owner and direct that the forfeiture may not take place. Accordingly,

IT IS ORDERED THAT the United States Marshals Service return the Defendant vehicle, one 1991 Ford Mustang LX, VIN 1FACP44E6MF151861, with all attachments thereon, including but not limited to all cellular telephones and CB radios to the registered owner, Monica Armijo;

IT IS FURTHER ORDERED THAT the Verified Complaint for Forfeiture *In Rem* is DISMISSED, all parties to pay their own costs.

---

2. Federal Rule of Civil Procedure 60(b) permits a court to grant relief from final judgment upon a showing *inter alia* of "mistake, inadvertence, surprise, or excusable neglect." Rule 55(c) allows the court to set aside an entry of default "for good cause shown."