**UNITED STATES of America, Plaintiff,**

v.

**Jantz S. CLINKSCALE and Sheila D. Clinkscale, Defendants.**

**No. 4:99 CR 0368.**

United States District Court, N.D. Ohio, Eastern Division.

Feb. 22, 2000.

James V. Moroney, Jr., Asst. U.S. Atty., Office of U.S. Atty., Cleveland, OH, for plaintiff.

James R. Willis, Willis, Blackwell & Rodgers, Cleveland, OH, Wesley A. Dumas, Sr., Law Offices of Wesley A. Dumas, Sr. & Associates, Cleveland, OH, for defendants.

## ORDER DENYING MOTION TO DISMISS COUNT 1 OF THE INDICTMENT AND DENYING MOTION TO DISMISS FORFEITURE ACTION

WELLS, District Judge.

This case is before the Court on the motion of Defendants Jantz Clinkscale and Sheila Clinkscale to dismiss Count 1 of the indictment and to dismiss the forfeiture action as to certain conveyances.[1] The government responded to the motion to

---

1. Mr. Clinkscale and Mrs. Clinkscale were originally represented jointly by James R. Wil-

dismiss Count I on 16 November 1999, and the Clinkscales replied on 7 December 1999. The government responded to the motion to dismiss the forfeiture action on 29 November 1999. For the following reasons, both motions are denied.

## I. *Factual Background*

On 3 August 1998, United States Magistrate Judge James Thomas issued a search warrant for the Clinkscales' home in Niles, Ohio. The warrant was based on an affidavit signed by Special Agent Gruver of the Internal Revenue Service, Criminal Investigation Division, and sought evidence of "drug related" crimes and "any and all evidence" of violations of 18 U.S.C. § 1956 or § 1957 (money laundering), 26 U.S.C. §§ 7021 and 7206(1) (tax evasion), and 31 U.S.C. §§ 5313 or 5324 (structuring currency transactions). Federal agents searched the Clinkscale home on 4 August 1998 and seized approximately $321,380.00 in United States currency, financial records, miscellaneous jewelry, a 1998 Land Rover Range Rover, and a 1996 Toyota Land Cruiser. After obtaining a second search warrant, the agents also searched the Clinkscales' investment account at Smith Barney.

On 26 February 1999, Mr. Clinkscale and Mrs. Clinkscale filed a petition for return of property, seeking the return of the "financial records and jewelry." (Gov's Br. in Opp'n to Def's Mtn. to Dismiss Forfeiture Action [hereinafter "Docket No. 28"], Ex. 1 at 1.) Their primary argument was that the government had unreasonably delayed the forfeiture proceedings and that the seized property should therefore be returned. (Docket No. 28, at 1–2.) On 16 March 1999, Magistrate Judge Thomas held a hearing on, among other things, the Clinkscales' petition for return of property. On 23 March 1999, he issued an opinion denying their request.

On 20 October 1999, a Grand Jury returned a 31–count indictment against Mr. and Mrs. Clinkscale. Count I made the following charge against Mr. Clinkscale:

1. Beginning as early as January, 1993, and continuing through at least September 2, 1998, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendant JANTZ S. CLINKSCALE, and others known and unknown to the Grand Jury, did unlawfully, knowingly, and intentionally combine, conspire, and confederate and agree together and with each other, and with diverse others to the Grand Jury known and unknown, to distribute a mixture or substance containing a detectable amount of cocaine and to possess cocaine with intent to distribute said substance, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(a).

2. In order to further the conspiracy, and to effect its objects, the defendant JANTZ S. CLINKSCALE, in the Northern District of Ohio, Eastern Division, and elsewhere, did commit and cause to be committed those acts specified in Counts 8–25 and 26–31 of this indictment.

All in violation of Title 21, United States Code, Section 846.

Counts 8–25 charged Mr. Clinkscale with evading the reporting requirements of 31 U.S.C. § 5313(a) by structuring currency transactions in violation of 31 U.S.C. §§ 5324(a)(3) and 5322(b). Counts 26–31 charged both Mr. Clinkscale and Mrs. Clinkscale with engaging or attempting to engage in a monetary transaction in criminally derived property in violation of 18 U.S.C. § 1957.[2] The indictment also al-

---

lis, Esq. At a 9 December 1999 hearing, however, the parties agreed Mrs. Clinkscale should have separate counsel, and Wesley Dumas, Esq. was appointed as her attorney. On 7 February 2000, Mr. Dumas filed a motion to join Mrs. Clinkscale in all defense motions

previously filed. That motion was granted on 14 February 2000.

**2.** The remaining counts are as follows: Count 2 charged both defendants with possession of marijuana in violation of 21 U.S.C. § 844(a);

leged forfeiture pursuant to both 21 U.S.C. § 853 and 18 U.S.C. § 982.

The Clinkscales appeared before United States Magistrate Judge James S. Gallas on 21 October 1999, and both pled not guilty. A joint motion for a continuance was granted on 1 December 1999, with the trial now scheduled to begin on 28 February 2000.

## II. *Motion to Dismiss Count 1 of the Indictment*

Mr. Clinkscale has moved to dismiss Count 1 of the indictment on the following grounds: (1) the indictment is unconstitutionally vague; (2) the indictment charges multiple conspiracies; and (3) the indictment suffers from duplicity.

### A. *Vagueness*

To survive a motion to dismiss on the grounds of vagueness, an indictment must meet two criteria. It must enable the defendant to invoke the double jeopardy clause "in case any other proceedings are taken against him for a similar offense." *Russell v. United States*, 369 U.S. 749, 764, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962) (internal quotes omitted). It must also "contain the elements of the offense intended to be charged, and sufficiently apprise[ ] the defendant of what he must be prepared to meet." *Id.* at 763, 82 S.Ct. 1038. An indictment that follows the statutory language is generally sufficient to satisfy the requirements of due process, but it need not quote the statute verbatim. *See United States v. Andrews*, 754 F.Supp. 1189, 1192 (N.D.Ill.1990). "The law does not compel a ritual of words. The validity of an indictment is governed by practical, not technical considerations." *United States v. Devoll*, 39 F.3d 575, 579 (5th Cir.1994).

Mr. Clinkscale does not argue Count 1 jeopardizes his right not to be tried twice for the same crime. Rather, he contends it fails to afford him adequate "notice of the specific conduct relied on as a basis for the charges made—here of being a member of a drug conspiracy." (Def's Mtn. to Dismiss [hereinafter Docket No. 18] at 6.) More specifically, Mr. Clinkscale admits that Count 1 "tracks the statute upon which the [drug] conspiracy charge is bottomed" (Docket No. 18, at 1), and that it alleges he furthered the conspiracy by engaging in both money laundering and structuring of currency transactions. However, he maintains the Count does not point to any specific acts involving drugs or drug activity. (Docket No. 18, at 1, 2.)

> [M]erely tracking the statute (in making the charge that this defendant "conspired" with various others to violate 21 U.S.C. § 841) without identifying any specific act or acts this particular defendant did in connection with any of the charged drug offenses is most unsatisfactory.
>
> . . .
>
> [W]e fully contend that *only* by a serious stretch of the prosecutor's imagination, and that to a degree that truly taxes our credulity can it be said that the acts of "money laundering," and the money structuring accusations charged in this indictment, can be forged into the charged Title 21 drug conspiracy offense.

(Docket No. 17, at 4–5.) According to Mr. Clinkscale, the government must make some specific allegation that he was involved with "particular drug or drug related acts" to justify charging him with a Title 21 drug conspiracy. (Docket No. 17, at 4.)[3]

---

Count 3 charged Mr. Clinkscale with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and Counts 4–7 charged both defendants with tax fraud in violation of 26 U.S.C. § 7206(1).

**3.** At times, the defendants appear to suggest the indictment is faulty because it exposes Mr. Clinkscale "to the danger of being convicted on the basis of facts not found by, and quite possibly not even presented to, the Grand Jury." (Docket No. 17, at 2.) As a matter of law, however, Mr. Clinkscale cannot challenge a facially valid indictment on the grounds that it lacks a sufficient factual basis. *Costello v. United States*, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956). Factual issues should be decided at trial. *United*

Mr. Clinkscale's arguments are without merit. As even he concedes, an indictment that "follow[s] statutory language [is] generally sufficient" if (as here) the statute sets forth the elements of the crime. *See Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *United States v. Zavala,* 839 F.2d 523, 526 (9th Cir.1988). In this case, Count 1 tracks closely the language of 18 U.S.C. § 846.[4] It informs Mr. Clinkscale he is being charged with "knowingly and intentionally" conspiring with others to distribute cocaine "and to possess cocaine with intent to distribute," and it tells him the government is concentrating on the period from January 1993 to 2 September 1998. Such an indictment would itself be sufficient to survive constitutional scrutiny. Here, however, the government went further. Although it is not required either to plead or to prove an overt act, *see United States v. Nelson,* 922 F.2d 311, 317 (1990), Count 1 informs Mr. Clinkscale the government will attempt to show he furthered the conspiracy by engaging in money laundering and structuring currency transactions. Mr. Clinkscale's assertions to the contrary, courts have found a clear link between these actions and involvement with drugs. *United States v. Avery,* 128 F.3d 966, 971 (6th Cir.1997); *United States v. Todd,* 920 F.2d 399, 406 (6th Cir.1990); *United States v. Castro,* 908 F.2d 85, 87–88 (6th Cir.1990). In the words of the *Avery* court, "money laundering is an integral part of a drug enterprise," and a jury is therefore "entitled to infer from such conduct a conspiracy to aid and abet the violation of the narcotics laws." *Avery,* 128 F.3d at 971.

As such, the indictment satisfies the criteria set forth in *Russell v. United States,* 369 U.S. at 763–64, 82 S.Ct. 1038. The indictment does not threaten Mr. Clinkscale with double jeopardy, Count 1 "contains the elements of the offense intended to be charged, and [it] sufficiently apprises [him] of what he must be prepared to meet." *Id.*

### B. *Multiplicity*

Mr. Clinkscale further suggests the indictment suffers from "multiplicity." First, he contends Count 1 charges him with involvement in more than one conspiracy—"a money laundering conspiracy and a conspiracy to structure financial transactions as those offenses are charged in the indictment." (Docket No. 17, at 1). In his words:

> the indictment can be read as also charging in Count I several other, and different conspiracies, than the separate and isolatable conspiracy charged in Count I. Here our reference is to the fact that the allegations made can also be read as charging there were several Title 18 conspiracies involved within the ambit of the charged Title 21 conspiracy.

(Docket No. 17, at 1.) Second, Mr. Clinkscale suggests more than one count covers the same criminal behavior. Count 1 charges him engaging in money laundering and structuring currency transactions in furtherance of a conspiracy to distribute cocaine; Counts 8–25 charge him with structuring currency transactions; Counts 26–31 charge him with money laundering. As a result, Mr. Clinkscale intimates, he faces "multiple punishments for a single

---

*States v. Ayarza–Garcia,* 819 F.2d 1043, 1048 (11th Cir.1987).

Mr. Clinkscale also argues in passing that the indictment is vague because it fails to mention any co-conspirators by name. However, the United States is not required to name or identify co-conspirators on the face of the indictment. *See Rogers v. United States,* 340 U.S. 367, 375, 71 S.Ct. 438, 95 L.Ed. 344 (1951).

**4.** The text of Count 1 is quoted above. 21 U.S.C. § 841(a)(1) says: "It shall be unlawful for any person knowingly or intentionally—(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Under 21 U.S.C. § 846: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

criminal offense." *United States v. Wood,* 57 F.3d 913, 919 (10th Cir.1995).

 However, the Sixth Circuit has held that a defect of multiplicity is a pleading rule and is "not fatal to an indictment but may be cured by reformulation." *United States v. Duncan,* 850 F.2d 1104, 1108 n. 4 (6th Cir.1988). With respect to Mr. Clinkscale's first argument, moreover, the government can charge an agreement to commit two or more crimes within the same conspiracy. Because he "is subject to only one punishment for committing a single conspiracy offense, the fact that the conspiracy alleged an agreement to commit multiplicious offenses does not render the conspiracy count itself multiplicious." *Id.* at 919–20. With respect to the second argument, an indictment can charge a defendant with a conspiracy to commit an offense in one charge and with the offense itself in a separate charge. "Congress intended to allow imposition of separate sentences for a conspiracy conviction under 21 U.S.C. § 846 and for the substantive drug offenses that form the object of the conspiracy." *United States v. Johnson,* 977 F.2d 1360, 1371 (10th Cir.1992).

### C. *Duplicity*

In his final argument, Mr. Clinkscale contends the indictment is duplicitous in that it joins in a single count two or more distinct and separate offenses. *See United States v. Smith,* 26 F.3d 739, 753 (7th Cir.1994) (defining duplicity and noting that a guilty verdict on a duplicitous count does not reveal whether the jury's verdict was unanimous with respect to either offense). In his words, the "indictment intertwines and intertwists strictly financial transactions and events that assertedly occurred between this defendant and anyone who can be identified in the other counts [and] then attempts to fuse them into a single criminal offense" of conspiracy. (Docket No. 17, at 2–3.)

██ Count 1, however, charges a single criminal conspiracy under Section 846 with two illegal objects—distribution of cocaine and possession of cocaine with intent to distribute. (Resp. to Mtn. to Dismiss at 8.) As such, it survives constitutional scrutiny. "Possession with intent to distribute and distribution are not separate offenses, but different acts that violate the same statutory provision. So long as the evidence is sufficient with respect to any of the acts charged ... a guilty verdict on an indictment charging several acts in the conjunctive stands." *United States v. Hawkes,* 753 F.2d 355, 357 (4th Cir.1985); *see also United States v. Smith,* 26 F.3d 739, 753 (7th Cir.1994). Even if there were a problem with duplicity in Count 1, duplicity is a pleading rule and can be cured by instructing the jury they must agree on a particular object in order to convict. *See United States v. Blandford,* 33 F.3d 685, 699 (6th Cir.1994).

### III. *Motion to Dismiss Forfeiture Action*

██ Mr. Clinkscale and Mrs. Clinkscale have moved to dismiss the forfeiture action with respect to both the Land Rover Range Rover and the Toyota Land Cruiser.

Property may be forfeited to the United States through either criminal or civil proceedings. Criminal forfeitures are *in personam* proceedings, are instituted only in conjunction with criminal charges, and are considered penalties for violations of a criminal statute. As a result, the outcome of any criminal forfeiture proceeding depends on the guilt or innocence of the property's owner. *See, e.g.,* 21 U.S.C. § 853(a)(1); 18 U.S.C. § 982(b)(1).[5] Con-

---

5. 21 U.S.C. § 853(a)(1) states that "[a]ny person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States ... any property constituting, or derived from any proceeds the person obtained, directly or indirectly, as the result of such violation." 21 U.S.C. § 853(a)(1). Under 18 U.S.C. § 982(b)(1),

"the court, in imposing sentence on a person convicted of an offense in violation of sections 5313(a), 5316, or 5324 of title 31, or of sections 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property." 18 U.S.C. § 982(b)(1).

versely, a civil administrative forfeiture is an *in rem* proceeding, and property can thus be forfeited even if the owner is not convicted of a crime. More specifically, the civil forfeiture statutes allow property to be forfeited to the United States through an investigative agency, without judicial involvement. If no one claims the property, the agency can declare the property forfeited to the United States and may dispose of it according to the requirements of 19 U.S.C. § 1609. If a property owner does properly file a claim, then the administrative proceeding is terminated and the matter is referred to the United States attorney for civil judicial forfeiture proceedings. *See* 19 U.S.C. § 1608.

Because Congress was concerned about the possible "adverse impact" of such civil forfeiture proceedings, it passed 21 U.S.C. § 888(c). Under this statute, a person whose "conveyances" have been administratively seized for a drug-related offense can seek an expedited forfeiture procedure.

> Not later than 60 days after a claim and cost bond have been filed under section 1608 of Title 19 regarding a conveyance seized for a drug-related offense, the Attorney General shall file a complaint for forfeiture in the appropriate district court, except that the court may extend the period for filing for good cause shown or on agreement of the parties. If the Attorney General does not file a complaint as specified in the preceding sentence, the court shall order the return of the conveyance to the owner and the forfeiture may not take place.

21 U.S.C. § 888(c).[6]

The Clinkscales contend Section 888(c) mandates the return of their vehicles. The conveyances were seized on 4 August 1999 during the search of their home. Mr. Clinkscale "seasonably submitted both his Claims and the requisite Cost Bonds," and the government acknowledged receipt in a letter dated 12 July 1999. (Forfeiture Mtn. at 2, App. A.) The government thus had sixty days to comply with 21 U.S.C. § 888(c) by filing a civil complaint for forfeiture, but it admits it has not done so. (Docket No. 28, at 4.) As a result, the government "*shall* order the return of the conveyance to [the Clinkscales] and the forfeiture *may not* take place." 21 U.S.C. § 888(c) (emphasis added).

However, the expedited procedures in Section 888 apply only to civil forfeiture proceedings. That Section falls under the heading, "Administrative and Enforcement Provisions." It requires all parties to act in accordance with Section 1608 of Title 19. 21 U.S.C. § 888(a)(1), (c). It requires not an information or an indictment, but a "complaint for forfeiture." 21 U.S.C. § 888(c). The outcome of the proceeding rests not on the guilt or innocence of the property owner, but on whether that property owner complies with the procedures set forth in 19 U.S.C. § 1608. It thus follows that, when Section 888(c) states that "the forfeiture shall not take place" it refers only to the *civil* forfeiture action. It does not preclude criminal forfeiture actions. 21 U.S.C. § 888(c); *see also* 21 U.S.C. § 888(i) (clearly differentiating between the civil proceedings under Section 888 and criminal forfeiture arising out of the "filing of an indictment or information alleging a violation of this subchapter").

In this case, the government has filed a criminal indictment against both Jantz Clinkscale and Sheila Clinkscale. Therefore, the fact the government failed to file a timely civil complaint does not affect the validity of its present criminal forfeiture

---

**6.** Section 888(c) deals only with "conveyances" and was passed to protect innocent owners who might lose their sole means of transportation during the pendency of the forfeiture proceedings. Partly for that reason, courts have interpreted it strictly. If the owner files a claim and cost bond, the government *must* file a complaint for forfeiture within sixty days. If it fails to do so, it cannot proceed with the forfeiture—even if it argues excusable neglect. *See United States v. 1986 Ford Bronco*, 782 F.Supp. 1543 (S.D.Fla. 1992) (holding that the sixty-day provision must be strictly construed); *United States v. One White 1987 Tempest Sport Boat*, 726 F.Supp. 7 (D.Mass.1989) (same).

proceedings brought pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982. In the words of the *Patel* court, "[e]ven if the government would have been required to return the [vehicles] for failing to timely institute civil forfeiture proceedings, it could have again seized [them] upon the return of the indictment containing forfeiture allegations." *United States v. Patel,* No. 95 CR 190–1, 1996 WL 166949, at *2 (N.D.Ill. Apr.8, 1996).

For the foregoing reasons, the motion to dismiss the forfeiture action as to certain conveyances is denied.

### IV. *Conclusion*

The defendants' motion to dismiss Count 1 of the indictment (docket no. 18) is denied. The defendants' motion to dismiss the forfeiture action as to certain conveyances (docket no. 17) is also denied.

IT IS SO ORDERED.