UNITED STATES of America, Plaintiff,

v.

1992 TEAM WARLOCK 28′ WORLD TWIN HULL SPEEDBOAT (Known as "Hyperactive"), Hull Number TPI28236A292, and Boat Trailer, Serial # 406328304N1033773, Defendant.

No. CIV 94–1266 PHX RCB.

United States District Court,
D. Arizona.

Dec. 14, 1994.

---

4. The court previously entered a stay pending    appeal. (Filing 138.)

Arthur G. Garcia, U.S. Attys. Office, Phoenix, AZ, for plaintiff.

Eleanor L. Miller, Thinnes & Miller, Phoenix, AZ, for defendant.

Robert Haer, Jr., claimant, pro se.

## ORDER

BROOMFIELD, Chief Judge.

Before the court is a motion to dismiss the United States' Verified Complaint for Forfeiture In Rem filed by claimants Robert Haer, Jr. and Frank Haer. The court heard oral argument on December 5, 1994 and now rules.

## I. BACKGROUND

The following chronology of events is relevant to the dispute now before the court:

On February 1, 1994, agents applied for and received a federal seizure warrant for the defendant speedboat and trailer.

On February 2, 1994, agents seized defendant from a storage facility in Lake Havasu City, Arizona.

On April 15, 1994, Robert Haer, Jr. and Frank Haer mailed their claims and cost bond for the defendant property to the Asset Forfeiture Section of the Drug Enforcement Administration ("DEA").

On June 22, 1994, plaintiff filed the instant complaint for forfeiture pursuant to 21 U.S.C. § 881(a)(6).

On July 5, 1994, Frank Haer filed a Verified Claim to the defendant property.

On July 11, 1994, Robert Haer, Jr. filed a Verified Claim to the defendant property.

On July 25, 1994, claimants filed a motion to dismiss this forfeiture action on the ground that the government filed its complaint more than sixty days after claimants filed their claim and cost bond in violation of 21 U.S.C. § 888. The motion purports to be on behalf of both claimants, but it is signed only by Frank Haer.

On August 22, 1994, Robert Haer, Jr., who is incarcerated in California for various drug and weapons offenses, filed a signature page to the motion to dismiss.

On August 22, 1994, the government filed a motion for leave to amend its complaint. Claimants did not file a Response.

On August 23, 1994, the government filed its Response to claimants' motion to dismiss. Claimants have not filed a Reply.

On September 15, 1994, the court granted the government's motion for leave to amend. The government's amended complaint adds 18 U.S.C. § 981 as a statutory basis for forfeiture.

## II. DISCUSSION

### A. Standing

Before analyzing the merits of claimants' position, the court will address the argument raised in the government's Response that Frank Haer does not have standing to contest this forfeiture action. The government asserts that Frank Haer is merely a straw party for his brother Robert Haer regarding the purchase of the defendant speedboat. It alleges that Robert Haer made all payments for the boat but placed it in his brother's name in order to conceal his ownership of it and to conceal the source of the funds used to acquire the boat.

■ A claimant in a civil forfeiture action must establish that he has standing to assert a claim to the defendant property. *United States v. Real Property Located at Section 18,* 976 F.2d 515, 519–20 (9th Cir.1992). To satisfy the standing requirement, the claimant must show that he owns or has an interest in the property. *United States v. One Parcel of Land, Known as Lot 111–B,* 902 F.2d 1443, 1444 (9th Cir.1990).

The government has cited cases standing for the proposition that a nominal or straw owner lacks standing to contest a forfeiture. *E.g., United States v. Vacant Land Located at 10th St. and Challenger Way in Palmdale, Ca.,* 15 F.3d 128, 129–30 (9th Cir.1994); *United States v. Contents of Accounts Nos. 3034504504 and 144–07143 at Merrill, Lynch, Pierce, Fenner and Smith, Inc.,* 971 F.2d 974, 985 (3d Cir.1992), *cert. denied sub nom., Friko Corp. v. United States,* — U.S. —, 113 S.Ct. 1580, 123 L.Ed.2d 148 (1993). "The rationale for the rule is that people engaged in the drug trade often attempt to disguise their interest in property by placing legal title in someone else's name." *United States v. Premises Known as 717 South Woodard Street, Allentown, Pa.,* 804 F.Supp. 716, 723 (E.D.Pa.1992), *aff'd in part, rev'd in part,* 2 F.3d 529 (3d Cir.1993).

■ The problem with the government's position is that in all of the cases it cites, the courts found that the claimants were strawmen holding title as a subterfuge for a drug trafficker only after weighing the evidence submitted by the parties. The procedural posturing of this case is quite different. Claimants have filed a motion to dismiss, and the government has filed a Response. The government has not filed a motion for summary judgment regarding Frank Haer's standing, and neither party has submitted any evidence relating to the relationship between Frank Haer and the defendant property. The government's Response contains numerous allegations, but allegations are not evidence.

The Ninth Circuit recently stated that "a simple claim of ownership will be sufficient to create standing to challenge a forfeiture." *United States v. $191,910.00 in U.S. Currency,* 16 F.3d 1051, 1058 (9th Cir.1994). In his Verified Claim, Frank Haer states that his "status is that of lawful owner of the defendant boat." Absent any evidence to the contrary, Frank Haer's claim of ownership is sufficient to give him standing to challenge the government's forfeiture of the speedboat. Thus, because the government has not filed an appropriate motion with evidence supporting their arguments relating to the ownership of the defendant speedboat, the court cannot now conclude that Frank Haer is a mere strawman without standing to contest this forfeiture action.

### B. 21 U.S.C. § 888(c)

■ Claimants argue that this action is time-barred by 21 U.S.C. § 888(c), which provides:

Not later than 60 days after a claim and cost bond have been filed under section 1608 of Title 19 regarding a conveyance seized for a drug-related offense, the Attorney General shall file a complaint for forfeiture in the appropriate district court, except that the court may extend the period for filing for good cause shown or on agreement of the parties. If the Attorney General does not file a complaint as specified in the preceding sentence, the court shall order the return of the conveyance to the owner and the forfeiture may not take place.

21 U.S.C. § 888(c).

Claimants mailed their claims and cost bond on April 15, 1994. By letter dated

April 21, 1994, the DEA's Asset Forfeiture Division acknowledged receipt of the claims. The government filed this lawsuit on June 22, 1994.

The date that triggers the sixty-day filing requirement of section 888(c) is not the date that a claim and cost bond are mailed, but the date that the DEA's Asset Forfeiture Section receives the claim and cost bond. *United States v. 1979 Cadillac Sedan Deville VIN 6D69S99304393*, 793 F.Supp. 492, 493–94 (D.Vt.1992). The record does not reveal what that date was, but the DEA's acknowledgement letter is dated sixty-two days before the government filed this forfeiture action. Moreover, the government concedes in its Response that it filed this action more than sixty days after the Haers filed their claims. Thus, the court concludes that it is undisputed that *if* section 888(c) applies to this case, the government's 21 U.S.C. § 881 claim was untimely.

■ The government maintains that section 888(c) does not apply to this case. It points out that the statute applies to claims and cost bonds "regarding a conveyance seized for a drug-related offense." 21 U.S.C. § 888(c). The statutory scheme further provides that "conveyances" include "aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described [in other sections of the statute]." 21 U.S.C. § 881(a)(4).

The government argues that the defendant speedboat and trailer is not a "conveyance" within the meaning of section 888. It contends that under the statute, "conveyances" are only those vehicles used in connection with a drug transaction that are subject to forfeiture under section 881(a)(4). The government does not allege that the boat was used to transport or smuggle controlled substances. Instead, it seeks forfeiture under section 881(a)(6), which allows for the forfeiture of "all proceeds traceable to" a drug transaction. The government asserts that section 888(c)'s sixty-day requirement applies only to the forfeiture of "conveyances" under

section 881(a)(4), not to the forfeiture of proceeds under section 881(a)(6).

At oral argument, Frank Haer presented the court with a copy of a letter and notice of forfeiture that DEA Special Agent in Charge David Wood mailed to Haer. The letter states that "[t]his notice is being provided to you as the owner or other interested party of the seized conveyance in accordance with 21 U.S.C. Section 888(b)." [1] The attached form is entitled "Notice of Seizure of a Conveyance for a Drug–Related Offense." Haer argues that the letter constitutes an admission by the government that the speedboat is a conveyance, and he contends that if the government was required to comply with the notice requirement of section 888(b), it was also required to comply with the sixty-day filing requirement of section 888(c). Haer also argues that there is no meaningful distinction between a "conveyance" seized under section 881(a)(4) and "proceeds" seized under section 881(a)(6).

There is little case law addressing the issues presented in this case. The government directs the court to *United States v. $292,888.04 in U.S. Currency*, No. C–90–2839–JPV, 1993 WL 303749 (N.D.Ca. July 28, 1993) wherein the court ruled that when the government seized cash, it was not required to comply with section 888(b)'s requirement that an owner of a seized conveyance be provided with written notice of the seizure:

> Claimant's reliance on § 888(b) is misplaced. As 21 U.S.C. § 881(a)(4) indicates, a "conveyance" includes aircraft, vehicles or vessels used for drug smuggling. Since the statute at issue limits the meaning of conveyance to vehicles of transportation, it has no application to the seizure of bank accounts in this case.

*Id.* at *3.

The defendant speedboat might be characterized as a "vehicle of transportation." It is not, however, a vehicle that was "used for drug smuggling." Section 881(a)(4) specifically provides that "conveyances" are those vehicles used, or intended to be used, to facilitate a drug transaction. As the *$292,-*

[1]. Section 888(b) requires the head of the agency that seizes a conveyance to provide written no-

tice to the owner and other interested parties of the legal and factual basis of the seizure.

*888.04 in U.S. Currency* court recognized, by limiting the applicability of section 888 to "conveyances," Congress appears to have drawn a distinction between property seized for transporting drugs and property seized for some other reason.

The government seized the speedboat under section 881(a)(6) as a "proceed" traceable to a drug transaction. The fact that it is a proceed that happens to have the potential to be used as a "conveyance" is immaterial. That is, the form of the proceed does not control how it should be characterized. Absent any evidence that the speedboat was intended to be used to facilitate a drug transaction, it cannot be characterized as a "conveyance" within the meaning of 21 U.S.C. § 888.

Section 888 is entitled "Expedited procedures for seized conveyances." The plain language of the provisions of section 888 reveals that the expedited notice and filing procedures apply only to "conveyances" seized under 21 U.S.C. § 881(a)(4). The court recognizes that the government's present position is inconsistent with the letter and form received by Haer indicating that the DEA had seized a "conveyance" and was therefore providing him with the notice required by section 888(b). Nevertheless, the content of the notice is simply inconsistent with the statutory scheme. The court cannot conclude that the defendant speedboat is a "conveyance" merely because a poorly drafted DEA letter and form erroneously state that it is.

The government seized the speedboat as a proceed of an illegal drug transaction, not as a conveyance. The provisions of 21 U.S.C. § 888 therefore do not apply to this case. Accordingly, the court concludes that the government's 21 U.S.C. § 881(a)(6) claim was not untimely.

Furthermore, after claimants filed their motion to dismiss, the court granted the government's motion for leave to amend its complaint to assert violations of the forfeiture provisions of 18 U.S.C. § 981. Plaintiff does not argue that forfeiture under that statute is subject to the sixty-day provision of 21 U.S.C. § 888(c). Thus, even if the court had found that the government's section 881(a)(6) claim was time-barred, the government could still seek forfeiture under 18 U.S.C. § 981.

IT IS ORDERED denying claimants' motion to dismiss (doc. 6).

