46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William J. CALISE, Defendant-Appellant.
 No. 93-17120.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 19, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Calise, a federal prisoner, appeals pro se the district court's denial of his motion for return of allegedly seized property. Calise seeks the return of several firearms and a bullet proof vest he alleges were improperly seized by the government in connection with his arrest and conviction for making, possessing, and transporting unregistered firearms. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Calise contends that the district court erred by failing to require the government to return his property. This contention lacks merit.
 
 
 4
 Calise brought his motion pursuant to 21 U.S.C. Secs. 881(b) and 888.[1] Section 881(b) requires the government to institute forfeiture proceedings "promptly." Section 888 provides for an expedited procedure pertaining to the seizure of "conveyances." Calise alleged that the government did not comply with section 888's notice requirements pertaining to the seizure of conveyances. A conveyance, however, includes only "aircraft, vehicles, or vessels" used for transporting drugs. See 21 U.S.C. Sec. 881(a)(4). Since the definition of conveyance is limited to vehicles of transportation, it has no application to the property at issue in this case. See 21 U.S.C. Sec. 888.
 
 
 5
 Furthermore, Calise has failed to show that the property was "seized" by the government. The record shows that United Airlines ("United") took possession of the property pursuant to the terms of a standard contract signed by Calise. United gave the government possession of the goods for use in its prosecution of Calise. After Calise was convicted, the government returned the property to United.
 
 
 6
 Calise's argument that the government admitted at his trial that the property was seized is without merit. The government prosecutor merely used the term "seized" during direct examination of a United employee.
 
 
 7
 Therefore, the district court did not err in denying Calise's motion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In his motion, Calise refers to section 881-1, a companion to section 881. Section 881-1 was recodified as 21 U.S.C. Sec. 888