**UNITED STATES of America**

v.

**A 1966 FORD MUSTANG (SHELL ONLY).**

No. C2–96–823.

United States District Court,
S.D. Ohio,
Eastern Division.

Nov. 19, 1996.

Dale Goldberg, U.S. Attorney, Marcia Jane Harris, Assistant U.S. Attorney, Columbus, OH, for Plaintiff.

William Joseph Fleck, Jr., Columbus, OH, for Claimants.

## ORDER

GRAHAM, District Judge.

This is a civil forfeiture action brought by the United States of America pursuant to 21 U.S.C. § 881(a)(6). The defendant property is a 1966 Ford Mustang without an engine or transmission. The defendant property was seized by agents of the Federal Bureau of Investigation pursuant to a civil seizure warrant on March 8, 1996. On May 17, 1996, claimants Charles and Charlotte Welch filed a claim and cost bond with the FBI. The matter was referred to the United States Attorney on June 21, 1996. A verified complaint for forfeiture was filed by the government on August 21, 1996. On September 16, 1996, claimants filed a motion pursuant to Fed.R.Civ.P. 12(b)(1) and (6), asserting that the complaint fails to state a claim and that the complaint should be dismissed due to the government's failure to file a timely complaint under 21 U.S.C. § 888(c).

Section 888(c) provides:

Not later than 60 days after a claim and cost bond have been filed under section 1608 of Title 19 regarding a conveyance seized for a drug-related offense, the Attorney General shall file a complaint for forfeiture in the appropriate district court, except that the court may extend the period for filing for good cause shown or on agreement of the parties. If the Attorney General does not file a complaint as specified in the preceding sentence, the court shall order the return of the conveyance to the owner and the forfeiture may not take place.

The government does not dispute that the complaint was filed beyond the sixty-day period set forth in § 888(c). However, the government contends that § 888(c) only applies to the forfeiture of conveyances under 21 U.S.C. § 881(a)(4). That section provides for the forfeiture of "[a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of" illegal controlled substances. The government notes that the complaint seeks the forfeiture of the defendant property only under 21 U.S.C. § 881(a)(6), which authorizes the forfeiture of, among other things, property which is traceable to the proceeds of illegal trafficking in narcotics.

The courts which have addressed the issue of whether the "conveyance seized for a drug-related offense" mentioned in § 888(c) refers solely to conveyances seized under § 881(a)(4) have reached different conclusions. In *United States v. 1992 Team Warlock 28' World Twin Hull Speedboat*, 875 F.Supp. 652 (D.Ariz.1994), the court decided that the only conveyances subject to the procedural requirements of § 888(c) were conveyances in forfeiture proceedings brought under § 881(a)(4). In that case, the government sought forfeiture of the speedboat as a proceed traceable to a narcotics transaction under § 881(a)(6), not as a vehicle used or intended for use to facilitate a drug transaction. The court concluded that by limiting the applicability of § 888 to "conveyances," Congress drew a distinction between property seized for transporting drugs and property seized for some other reason. *Id.* at 656. *Cf., United States v. Calise*, Slip Op. No. 93–17120 (unpublished), 1995 WL 21332 (9th Cir. 1995) ("A conveyance ... [under § 888(c) ] includes only 'aircraft, vehicles, or vessels' used for transporting drugs. *See* 21 U.S.C. § 881(a)(4).").

The Seventh Circuit Court of Appeals reached the opposite conclusion in *United States v. Indoor Cultivation Equipment from High Tech Indoor Garden Supply*, 55 F.3d 1311 (7th Cir.1995), and found that

§ 888(c) also applies to seizures of conveyances under § 881(a)(6). The court concluded that the phrase "seized for a drug-related offense" includes conveyances seized "because of", "as a result of", or "on account of" any drug offence, and thus is broad enough to encompass the forfeiture of conveyances as drug proceeds under § 881(a)(6). *Id.* at 1315. The court noted that if Congress had intended to limit the scope of § 888(c) to forfeitures under § 881(a)(4), it could easily have done so by inserting the phrase "under § 881(a)(4)" in the statute. *Id.* The court further found that the term "conveyance" in § 881(a)(4) is not limited to vehicles used or intended to be used to facilitate a drug transaction. Finally, the court considered the intent of Congress in enacting § 888(c), noting that "Congress enacted the expedited provisions of § 888 'to minimize the adverse impact on those entitled to legal or equitable relief occasioned by the prolonged detention of [their conveyances] ... following [their] seizure for a drug-related offense.' 21 C.F.R. § 1316.90." *Id.* at 1315–1316. The court concluded that since § 888(c) was enacted to protect the innocent owners of conveyances, it did not matter under what theory the government actually seized the vehicles.

The administrative regulations adopted to implement § 888 do not support the result reached in *Indoor Cultivation*. Section 888(c) applies to conveyances which were "seized for a drug-related offense." The term "drug-related offense" is defined in 21 C.F.R. § 1316.91(d) as "any proscribed offense which involves the possession, distribution, manufacture, cultivation, sale, transfer, or the attempt or conspiracy to possess, distribute, manufacture, cultivate, sell or transfer any substance the possession of which is prohibited by Title 21, U.S.C." This definition is confined to manufacturing and distribution offenses, and makes no reference to the money laundering aspects of drug dealing. A forfeiture of property traceable to drug proceeds under § 881(a)(6) is based upon the allegation that it was allegedly financed in some manner with laundered funds traceable to drug proceeds, not for its use or involvement in the commission of a drug manufacturing, possession or trafficking offense.

The administrative regulations appear to encompass only conveyances forfeited under § 881(a)(4). Under 21 C.F.R. § 1316.95, an owner of a conveyance must establish that he "reasonably attempted to ascertain the use of the conveyance" and that he "did not know or consent to the illegal use of the conveyance." The language referring to the "use" of the conveyance ties in with the requirement in § 881(a)(4) that the conveyance be "used or intended for use" to facilitate illegal drug activities. Under § 881(a)(6), there is no requirement that the conveyance be used to facilitate the commission of a drug offense.

This court disagrees with the interpretation of § 881(a)(4) reached in *Indoor Cultivation*. Under the plain language of the statute, only conveyances which were "used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of" illegal controlled substances are subject to seizure under § 881(a)(4). *United States v. One 1973 Rolls Royce, V.I.N. SRH–16266,* 43 F.3d 794 (3d Cir.1994) ("Section 881(a)(4) provides for forfeiture of 'conveyances' (airplanes, automobiles, boats, etc.) used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance."); *United States v. 1990 Toyota 4Runner,* 9 F.3d 651 (7th Cir.1993). The statute does not refer to any other type of criminal activity. Construing § 881(a)(4) to allow for the forfeiture of any other type of conveyance also eliminates any requirement of a nexus between the forfeited property and some type of criminal activity. A broad construction of the term "conveyance" in § 888(c) cannot be achieved by attaching an unreasonably broad meaning to the term "conveyance" in § 881(a)(4).

While it is true that Congress could have included specific language in § 888 limiting its application to forfeitures under § 881(a)(4), it could also have included language specifically referring to § 881(a)(6), but did not do so. Section 881(a)(4) is the only provision in § 881(a) which contains the word "conveyance;" it does not appear in § 881(a)(6). When Congress mentioned

"conveyance seized for a drug-related offense" in § 888(c), this constituted a reference to the "conveyances ... which are used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of" illegal controlled substances subject to seizure under § 881(a)(4).

It is also reasonable to assume that Congress would not have intended to confer the special protections afforded by § 888 on vintage collectors' automobiles purchased with drug proceeds which were never intended to serve as a means of daily transportation for the owner. The complaint in this case alleges that the defendant property was displayed in auto shows. Complaint, Ex. B, Para. 11.

This court agrees with the reasoning in *1992 Team Warlock* and concludes that the procedural requirements contained in § 888(c) apply only to the forfeiture of conveyances under § 881(a)(4).

■ The government also argues that the provisions of § 888(c) do not apply in this case because the defendant property is not a conveyance. The complaint in this case alleges that the defendant is the shell of a 1966 Ford Mustang with no engine or transmission. A "conveyance" is defined as "a means of transporting, esp. a vehicle, as a bus, airplane, or automobile." *Random House Dictionary of the English Language* 445 (2d ed. 1987), *quoted in Indoor Cultivation,* 55 F.3d at 1314. The government asserts that the defendant property does not fall within the above definition because it is not capable of transporting anything.

This court agrees. The purpose behind § 888(c) was to assure that innocent owners· would not be deprived of their vehicles as a means of transportation while administrative forfeiture proceedings were pending or while the government delayed in filing a civil action. *See United States v. 1986 Ford Bronco,* 782 F.Supp. 1543 (S.D.Fla.1992). Here, the property described in the complaint is not capable of being used as a means of transportation. Thus, it is not a "conveyance" within the meaning of § 888(c).

■ Claimants also move to dismiss the complaint for failure to state a claim. Civil forfeiture complaints are judged by the standards contained in Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims, which provides:

(a) Complaint. In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

The court finds that the instant complaint complies with Rule E(2)(a). The complaint and attached affidavit are also sufficient to plead probable cause for the forfeiture of the defendant property. The fact that claimant Charles Welch first acquired title to the car in 1986 does not necessarily conflict with his alleged statement that "he pays for his race car ... with the proceeds of his drug sales." Complaint, Ex. B, Para. 4. The merits of the government's forfeiture claim are not before the court on a motion to dismiss.

In accordance with the foregoing, claimants' motion to dismiss for want of jurisdiction and for failure to state a claim is denied.