**UNITED STATES of America, Plaintiff,**

**v.**

**ONE 1996 TOYOTA CAMRY SEDAN, VIN 4T1BF12K1TU123343; and One 1995 Chevrolet Blazer, VIN 1GNEK18K45J31055, Defendant.**

**Martin Moya, Sr.; Juana Moya, Claimants.**

**No. CV 97–0657 DDP (AJWx).**

United States District Court. C.D. California.

May 23, 1997.

Leon W. Weidman, Asst. U.S. Atty., Civ. Div., Nora M. Manella, Asst. U.S. Atty., Tax Div., Los Angeles, CA, for U.S.

Paul L. Gabbert, Sherman, Sherman & Boyle, Santa Monica, CA, for Martin Moya, Sr., and Juana Moya.

## ORDER DENYING MOTION TO DISMISS

PREGERSON, District Judge.

This is a civil forfeiture action brought against two vehicles which were seized because the Government suspected they were purchased with proceeds of illegal drug transactions. Claimants move for dismissal on the ground that the Government did not comply with the expedited procedures regarding conveyances as set forth in 21 U.S.C. section 888(b). Oral argument on this motion was heard April 7, 1997. After consideration of the parties' oral and written arguments, the Court finds that the Government violated section 888(b) by failing to provide Claimants with notice of the seizures at the earliest practicable opportunity. However, the Court holds that the appropriate remedy in this particular case is not dismissal. Rather, Defendant Vehicles must be returned to Claimants immediately upon the posting of a full-value bond.

*BACKGROUND*

On September 25, 1996, investigators from the Huntington Police Department, Anaheim Police Department and the United States Drug Enforcement Administration ("DEA") conducted a consent search of Claimants' residence located at 329 N. Avenue 51, Los Angeles. Parked at the residence were a 1995 Chevy Blazer and a 1996 Black Toyota Camry registered in the name of Claimant Martin Moya, Sr. (the "Defendant Vehicles").[1] Investigators formed the opinion that there was probable cause to believe the Claimant purchased the Defendant Vehicles using money obtained through the illegal transportation, storage, and sale of marijuana and other narcotics and thus Defendant Vehicles were subject to forfeiture under 21 U.S.C. section 881(a)(6).[2] Accordingly, inves-

---

1. The DEA agents also seized three other vehicles parked at the residence, which are not the subject of this action.

2. Section 881(a)(6) authorizes the forfeiture of:
   All moneys, negotiable instruments, securities, or other things of value furnished or intended

tigators seized the Defendant Vehicles on September 25, 1996.

After review by the DEA's forfeiture counsel, written notices of the seizures were mailed to Claimants on November 18, 1996. Claimant Martin Moya, Sr. signed the return receipt for the notice on November 26, 1996. The DEA received a letter dated November 27, 1996 and postmarked December 3, 1996 from Claimants' attorney, which included a claim of ownership and cost bonds for the Defendant Vehicles. The matter was referred to the U.S. Attorney, and the complaint in this action was filed on January 31, 1997.

*DISCUSSION*

Claimants move to dismiss this action on the ground that the Government did not provide them with written notice of the seizure "at the earliest practicable opportunity" in violation of section 888(b). The Government contends that section 888 does not apply to Defendant Vehicles, which were seized as "proceeds" under section 881(a)(6), but rather applies only to conveyances seized under section 881(a)(4) as vehicles used to facilitate illegal drug transactions.[3]

**A.** *Section 888 Applies to the Seizure of Defendant Vehicles*

In 1988, Congress enacted heightened procedural requirements applicable to the forfeiture of conveyances seized by the government for drug-related offenses, codified at 21 U.S.C. section 888. Pursuant to section 888(b), the government must provide written notice of the legal and factual basis for the seizure at the earliest practicable opportunity after determining ownership of the seized conveyance. 21 U.S.C. § 888(b).[4] The owner may then petition for an expedited decision with respect to the conveyance, provided the claimant files the requisite claim and cost bond within 20 days as provided in 19 U.S.C. section 1608. A complaint for forfeiture must be filed within 60 days after the claim and cost bond have been filed. 21 U.S.C. § 888(c).[5] If the government fails to comply with this 60-day time limit, "the court shall order the return of the conveyance to the owner and the forfeiture may not take place." 21 U.S.C. § 881(c).

There is no binding authority whether section 888 applies when a vehicle is seized as being traceable to proceeds of unlawful drug activity. In support of its argument that section 888 does not apply, the Government relies primarily on *United States v. 1992 Team Warlock 28' World Twin Hull Speedboat*, 875 F.Supp. 652 (D.Ariz.1994).

In *Warlock*, the District of Arizona held that a complaint filed by the government against a speedboat seized as "proceeds" under section 881(a)(6) was not barred by section 888(c) even though it was filed more than 60 days after the claimant filed his claim and cost bond. The *Warlock* court held that the expedited notice and filing procedures of section 888 apply only to "conveyances" seized under section 881(a)(4). The court reasoned that because section 881(a)(4) is the only provision explicitly authorizing

---

to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, . . . .
21  U.S.C. § 881(a)(6).

**3.** Section 881(a)(4) provides for forfeiture of "All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment" of controlled substances. 21 U.S.C. § 881(a)(4).

**4.** Section 888(b) states:
At the earliest practicable opportunity after determining ownership of the seized conveyance, the head of the department or agency that seizes the conveyance shall furnish a written notice to the owner and other interested parties (including lienholders) of the legal and factual basis of the seizure.
21  U.S.C. § 888(b).

**5.** Section 888(c) provides:
Not later than 60 days after a claim and cost bond have been filed under section 1608 of Title 19 regarding a conveyance seized for a drug-related offense, the Attorney General shall file a complaint for forfeiture in the appropriate district court, except that the court may extend the period for filing for good cause shown or on agreement of the parties. If the Attorney General does not file a complaint as specified in the preceding sentence, the court shall order the return of the conveyance to the owner and the forfeiture may not take place.

the forfeiture of conveyances, it defines "conveyance." Applying this reasoning, the *Warlock* court concluded that "conveyances," as the term is used in section 888, are only those vehicles used or intended to be used to facilitate a drug transaction.[6] *Id.* at 655. Accordingly, the *Warlock* court found that section 888(c) was inapplicable because the government had seized the speedboat as proceeds of an illegal drug transaction. *Id.* at 656.

*Warlock* was followed by the Southern District of Ohio in *United States v. A 1966 Ford Mustang (Shell Only)*, 945 F.Supp. 149 (S.D.Ohio 1996). In that case, the defendant property was a 1996 Ford Mustang without an engine or a transmission which was seized as traceable to proceeds of illegal drug transactions. Although the *1966 Ford Mustang* court agreed with the reasoning in *Warlock*, it based its decision on other grounds as well and is factually distinguishable from the case at bar.

The property at issue in *1966 Ford Mustang* was a vintage collectors' automobile which was displayed in auto shows and was never intended to serve as a means of daily transportation for the owner. The court assumed that Congress would not have intended to confer the special protections afforded by section 888 on such property given its statutory purpose. The *1966 Ford Mustang* court also noted that the property was not a "conveyance" under the ordinary meaning of the word, *i.e.* " 'a means of transporting, esp. a vehicle, as a bus, airplane, or automobile.' " 945 F.Supp. at 151 (quoting Random House Dictionary or the English Language 445 (2d ed.1987)). The automobile was merely a shell, lacking an engine or a transmission, and thus could not be used for transporting.

Claimants urge the Court to follow the Seventh Circuit's decision in *United States v. Indoor Cultivation Equipment from High*

*Tech Indoor Garden Supply*, 55 F.3d 1311 (7th Cir.1995), which rejected the reasoning in *Warlock*. The *Indoor Cultivation* court found that the plain language of section 888 does not suggest that its procedural requirements apply only to conveyances seized under section 881(a)(4) and not to those seized under section 881(a)(6). Rather, section 888 applies to the forfeiture of any "conveyance seized for a drug-related offense." This language is broad enough to encompass the forfeiture of conveyances seized as "proceeds" of drug transactions under section 881(a)(6), as well as those seized for having "facilitated" drug transactions under section 881(a)(4).

The Seventh Circuit explained that to accept the government's interpretation would require reading additional terms into the statute. *Indoor Cultivation*, 55 F.3d at 1315. Specifically, it would require reading "conveyance seized for a drug-related offense" to mean "conveyance seized for having facilitated a drug-related offense." *Id.* If Congress had intended to restrict the application of section 888, it could have done so explicitly. For example, Congress could have substituted "under section 881(a)(4)" for the phrase "drug-related offense." Congress did not do so, and the courts should not rewrite the statute.[7]

The Seventh Circuit rejected the notion that section 881(a)(4) limits the ordinary definition of "conveyance," reasoning as follows:

Section 881(a)(4) subjects to forfeiture "All conveyances, including aircraft, vehicles, or vessels, which are used to ... facilitate [drug transactions]." Congress's use of the pronoun "which" is significant; it introduces a nonrestrictive clause—"which are used to .. facilitate [drug transactions]"— that does not limit the meaning of the word it modifies—"conveyance." Thus,

---

6. In support of its ruling, the *Warlock* court cited *United States v. $292,888.04 in U.S. Currency*, No. C–90–2839–JPV, 1993 WL 303749 (N.D.Cal. July 28, 1993). In that case, the Northern District of California found that the procedures in section 888 were inapplicable, because the defendant property was not seized as a conveyance under section 881(a)(4). However, the property at issue was currency, not a vehicle. The opinion in

*$292,888.04* did not address the specific issue being decided here.

7. Indeed, the *Warlock* court did precisely that when it stated: "The plain language of section 888 reveals that the expedited notice and filing procedures apply only to 'conveyances' seized under 21 U.S.C. § 881(a)(4)." 875 F.Supp. at 656.

... there exists no reason to believe that a "conveyance" seized under § 881(a)(6) as a "proceed" is any less a "conveyance" than one seized under § 881(a)(4). The only distinction is that it is subject to forfeiture under a different statutory provision.

*Indoor Cultivation,* 55 F.3d at 1315.

In addition, the Seventh Circuit found that the government's interpretation is contrary to the statute's purpose. The expedited provisions of section 888 were enacted " 'to minimize the adverse impact on those entitled to legal or equitable relief occasioned by the prolonged detention of [their conveyances] ... following [their] seizure for a drug-related offense.' " *Id.* at 1315–16 (quoting 21 C.F.R. § 1316.90). Seized conveyances may be held for months during administrative and judicial forfeiture proceedings, thereby potentially depriving innocent owners of their principal mode of transportation for extended periods of time. Section 888 is an attempt to prevent owners from being deprived of their vehicles for long periods of time without having redress to the courts. *See Brantz v. United States,* 724 F.Supp. 767, 770–71 (S.D.Cal.1989); *United States v. 1986 Ford Bronco,* 782 F.Supp. 1543, 1546 (S.D.Fla. 1992).

The *Indoor Cultivation* court concluded that in light of the statutory purpose of section 888, it is unreasonable to distinguish between a conveyance seized as "proceeds" and a conveyance seized because it was used to "facilitate" a drug transaction. As the court explained,

> Section 888 was intended to protect innocent owners of seized conveyances; it makes no difference to the innocent owner who needs his or her car back whether the government seized it under one theory or another.

55 F.3d at 1316.

The Court finds persuasive the Seventh Circuit's well-reasoned opinion in *Indoor Cultivation.* Accordingly, the Court holds that section 888 applies to the seizure of Defendant Vehicles.

**B.  *The Government Failed to Comply with Section 888(b)***

■ Whether the government has met the "earliest practicable opportunity" requirement must be evaluated on a case-by-case basis. *See Brantz,* 724 F.Supp. at 770–71. Here, the Government does not dispute that on the day of seizure, it knew that Claimant Martin Moya, Sr. was the owner of the Defendant Vehicles. Nonetheless, written notices of seizures were not sent to Claimants until November 18, 1996—54 days after the seizure of the Defendant Vehicles on September 25, 1996. The Government fails to adequately explain its delay in sending notice. As short as a 21–day delay in sending notice has been found to be a violation of section 881(b). The delay here was more than twice as long. Accordingly, the Court finds that notice was not sent at the "earliest practicable opportunity."

**C.  *Remedy for Violation of Section 888(b)***

Section 888(b) does not specify a remedy in the event the government fails to provide timely notice. In support of their request for dismissal, Claimants cite *Dwyer v. United States,* 716 F.Supp. 1337 (S.D.Cal.1989). In *Dwyer,* Chief Judge Gordon Thompson, Jr. held that a seizure notice sent 62 days after seizure was not sent at the earliest practicable opportunity after determining ownership of the car. The court further held that under the circumstances, it was within its discretion to permanently return the vehicle to the claimant. The *Dwyer* court explained that,

> A delay [of 62 days] defeats the requirement of 21 U.S.C. § 881–1(c) that the government file a forfeiture complaint within 60 days after a claim and cost bond is filed. A claimant cannot file a claim and cost bond until he receives seizure notice because the notice sets forth the amount that must be posted and the case number in the administrative agency's records. As long as the claim and cost bond are not filed, the 60–day limit for filing the forfeiture complaint does not begin. Therefore, by delaying the notice to the claimant, the government can delay the forfeiture proceedings indefinitely.

716 F.Supp. at 1340.[8] The *Dwyer* court concluded that, to prevent the government from circumventing section 881(c), at a minimum, the government must be required to send the seizure notice within 60 days of the seizure.

The Government contends that the appropriate remedy for a violation of section 888(b) in this case is not dismissal. Rather, the Government urges the Court to follow Chief Judge Thompson's reasoning in *Brantz,* and order the Defendant Vehicles returned upon the posting of a full-value bond. In fashioning an appropriate remedy, the *Brantz* court concluded that dismissal was not appropriate where the delay in sending notice was 21 days.

The *Brantz* court further noted that the subject vehicle was eligible for release under section 881(d), because it had not been seized as contraband or evidence of a violation of law, nor was it particularly suited for use in illegal activities. *See* 21 U.S.C. § 881(d).[9] Accordingly, the *Brantz* court held that the appropriate remedy in that case was to permit the claimant to obtain release of his vehicle, provided that he posted a bond in an amount equal to the vehicle's value as security in the event that the vehicle is ultimately forfeited. 724 F.Supp. at 773.

■ The Court agrees with the *Dwyer* opinion that dismissal for violation of section 888(b) is warranted in certain circumstances, and that the appropriate remedy must be determined on a case-by-case basis. However, the Court is not convinced that the circumstances of this case, involving a 54–day delay in sending notice to Claimants, are so egregious as to warrant dismissal. Accordingly, Claimants' motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, the Court finds that section 888(b) applies to the seizure of Defendant Vehicles and that Plaintiff failed

to comply with its requirement to send written notice of the seizure to Claimants at the earliest practicable opportunity. Claimants' request for dismissal is denied. However, the Defendant Vehicles must be released to Claimants provided they post a bond in an amount equal to the vehicles' value.

IT IS SO ORDERED.

---

**8.** Section 881 was referred to in *Dwyer* as section 881–1, as it was previously known.

**9.** Section 888(d) provides:
Any owner of a conveyance seized for a drug-related offense may obtain release of the conveyance by providing security in the form of a bond to the Attorney General in an amount equal to the value of the conveyance unless the Attorney General determines the conveyance should be retained (1) as contraband, (2) as evidence of a violation of law, or (3) because, by reason or design or other characteristic, the conveyance is particularly suited for use in illegal activities.
21 U.S.C. § 888(d).